UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81599-CIV-MARRA/JOHNSON

CROSS CREEK CONDOMINIUM
ASSOCIATION, INC., a Florida
Non-Profit Organization,

    Plaintiff,

vs.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY, a
Foreign Corporation,

    Defendant.
_____/

## OPINION AND ORDER

This Cause is before the Court upon Defendant Nationwide Mutual Fire Insurance Company's ("Nationwide" or "Defendant") Motion to Dismiss Plaintiff's Second Amended Complaint for Declaratory Decree, filed April 22, 2010 (DE 31). Plaintiff filed a response to this motion (DE 32) and Defendant filed a reply (DE 33). The Court has reviewed the motion, response and reply, and the record, and is otherwise advised in the premises. The matter is now ripe for review.

**I.    Background**

On September 23, 2009, Plaintiff filed a complaint for declaratory relief in state court for a claim arising out of a first-party property insurance dispute. DE 1, Exh. A. Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. See DE 1. On April 8, 2010, Plaintiff filed a one-count Second Amended Complaint against Defendant, asserting a

claim for a declaratory judgment. (DE 28).

In the Second Amended Complaint, Plaintiff alleges as follows: Cross Creek is a large multi-building complex which comprises a sizable condominium community. (¶ 6). The property encompassing the Cross Creek community was covered by a policy of insurance issued by Nationwide as evidenced by an insurance policy. (¶ 7; Exh. A). The subject policy provides in part: "LEGAL ACTION AGAINST US. Legal action against us involving a direct physical loss or damage to property must be brought within 5 years from the date the loss occurs." (¶ 8).

On or about September 25, 2004, Cross Creek sustained substantial damage as a result of Hurricane Jeanne. (¶ 9). Cross Creek timely notified Nationwide of its Hurricane Jeanne loss. (¶ 10). Nationwide proceeded to investigate Cross Creek's windstorm losses. (¶ 11). Nationwide paid Cross Creek for these losses, however, the amount that Nationwide paid Cross Creek was not sufficient to fully indemnify Cross Creek for its losses and place it in a pre-loss condition. (¶ 12). Therefore, Cross Creek retained a public adjuster to reopen and readjust its claim with Nationwide. (¶ 13).

On or about September 8, 2009, Cross Creek provided Nationwide with a Sworn Statement in Proof of Loss in the amount of Seven Hundred Thirty Four Thousand Forty Nine Dollars and 91/100 ($734,049.91) (Exhibit "B"; ¶ 14). Nationwide commenced its renewed investigation of Cross Creek's windstorm loss, and did so with a reservation of rights under the policy. (¶ 15).

Nationwide's investigation is continuing but it was not completed prior to the potential expiration of the limitation date set forth in Cross Creek's policy. (¶ 16). With the September 25, 2009 bar date to file suit on Hurricane Jeanne claims imminent, Nationwide's investigation not

yet complete, and Nationwide's reservation of rights invoked, Cross Creek was unsure as to its rights and status under its policy with Nationwide in its September 25, 2004 windstorm claim, and therefore filed suit. (¶ 17).  A bona fide, actual, present and practical need for declaratory relief exists in this action, specifically, whether or not the provision in Nationwide's policy requiring legal action against Nationwide to be brought within five years from the date that the loss occurs is enforceable under the laws of the State of Florida.  (¶ 20).  It is the position of Cross Creek that the appropriate Florida statutory provisions provide that an action may be brought for breach of an insurance policy within five years of the occurrence of the breach and as such is not limited to Nationwide's limitation period of five years from the date of the loss. (¶ 21).

Defendant Nationwide has moved to dismiss the action because Plaintiff's Second Amended Complaint does not state a bona fide, actual, present and practical need for such declaratory relief, as Defendant's investigation and adjustment of the subject claim of loss has not been completed and Plaintiff has not alleged that Defendant breached its contract with Plaintiff.  See DE 31.

**II.     Legal Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

3

Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III.   Discussion

In the motion to dismiss, Defendant argues that Plaintiff's Second Amended Complaint merely seeks legal advice from the Court, and as a result, a declaratory judgment would be improper in this case.

Declaratory judgments in Florida are governed by Chapter 86 of the Florida Statutes. Section 86.011 of the Florida Statues provides:

> The circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed. No action or procedure is open to objection on the ground that a declaratory judgment is demanded. The court's declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment. The court may render declaratory judgments on the existence, or nonexistence:

>(1) Of any immunity, power, privilege, or right; or
>
>(2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future. Any person seeking a declaratory judgment may

FLA. STAT. ch. 86.011.  Florida law requires an individual seeking declaratory relief to show that:

>there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.

Santa Rosa County v. Administration Commission, Division of Administrative Hearings, 661 So. 2d 1190, 1192-93 (Fla. 1995) (citations omitted).  "The declaratory judgment act is not to be used as a tool to advise attorneys as to the proper path to pursue." McIntosh v. Harbour Club Villas Condominium Ass'n, 468 So.2d 1075, 1081 (Fla. 3d DCA1985); Kelner v. Woody, 399 So.2d 35, 38 (Fla. 3d DCA 1981) .

Count I of Plaintiff's Second Amended Complaint alleges that there is uncertainty with regards to the enforceability under Florida law of a provision in the parties' insurance contract. Specifically, the policy provision at issue sets forth a time limitation within which an insured under must bring a lawsuit.  The policy provides that, "Legal Action against us [Nationwide] involving direct physical loss or damage to property must be brought within 5 years from the date

5

the loss occurs." Plaintiff alleges that the policy provision which requires it to initiate a claim within five years from the date of loss is unenforceable because it conflicts with the Florida statute of limitations for a breach of contract action. The statute of limitations provides that an action may be brought within five years of the occurrence of the breach.

A review of the Second Amended Complaint reveals that nowhere does Plaintiff allege that Defendant breached the terms and conditions of the subject policy. In fact, Plaintiff alleges that Defendant is continuing to investigate Plaintiff's supplemental insurance claim. Compl. ¶¶ 15, 16. This allegation suggests that Defendant is continuing to perform its duties under the policy, as opposed to alleging that Defendant has breached the policy by failing to pay the claim timely. Based upon these allegations, the Court finds that Plaintiff has failed to allege sufficient facts which, when taken as true, state a cause of action for a declaratory judgment under section 86.011 of the Florida Statutes. Plaintiff is merely seeking an advisory opinion as to meaning and enforceability of a provision in the contract. The present case is no different than a lawsuit which may have been brought by Plaintiff immediately after the parties entered the contract. If Defendant never breaches the contract, a judicial determination as to the enforceability of the provision in question is purely advisory. Thus, unless and until Defendant breaches the insurance contract, there is no "bona fide, actual, present practical need for the declaration" Plaintiff seeks. Accordingly, Plaintiff's Second Amended Complaint fails to state a cause of action for declaratory relief. Plaintiff may amend its complaint to allege sufficient facts to state a live controversy.

**IV.     Conclusion**

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion

to Dismiss Plaintiff's Second Amended Complaint for Declaratory Decree, filed April 22, 2010 (DE 31) is hereby **GRANTED**.  Plaintiff's Second Amended Complaint (DE 28) is hereby dismissed with leave to amend to in accordance with this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of July, 2010.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record